· JOHN PREWITT v. THE STATE.

·CRIMINAL PRACTICE. *Separation of jury. Misdemeanor.*

In the trial of a misdemeanor, it is within the discretion of the judge to permit the jury to separate and disperse before verdict, under proper instructions.

APPEAL from the Circuit Court of Calhoun County.

HON. A. T. ROANE, Judge.

John Prewitt was indicted for, tried and convicted of, assault and battery. The defendant moved for a new trial on the ground, among others, that "the jury while considering of their verdict and before arriving at a verdict were allowed to disperse and mix and mingle with others without the consent of the accused or of the court, and without being instructed by the court not to consult with others concerning the cause on trial." The evidence on the motion tended to show that one of the jurors, while the jury was out considering the cause, was allowed to separate from the jury and go one hundred yards from the court house to find his horse. The court had previously instructed

the officers in charge of the jury that the jury should not be allowed to separate except for the purpose of feeding their horses, and had also instructed the jury "that a juror when permitted to separate for this purpose must not permit any one to talk in his presence about the case, nor must the juror talk to any one on any subject but about the attention to their horses." The motion for a new trial was overruled. The defendant appealed.

I. T. *Blount* and T. J. *Williams*, for the appellant.

The verdict should have been set aside on account of the separation of the jury. *Skates* v. *The State*, 64 Miss., 644.

T. M. *Miller*, Attorney General, for the State.

To disturb the verdict in this case, the offence being only a misdemeanor, would be " erecting a standard too high and would result in the defeat of justice." The true and just rule seems to be found in the case of *Skates* v. *The State*, 64 Miss., 644.

ARNOLD, J., delivered the opinion of the Court.

If appellant had been tried and convicted of a felony, instead of a misdemeanor, the exposure of the jury of which he complains would be a serious obstacle against affirming the judgment against him.

Courts in this state have no authority to allow juries engaged in the trial of persons charged with felony to separate and disperse before verdict; but the law is different in regard to misdemeanors. As to the latter, it is within the discretion of the presiding judge, both under the English and the American practice, to permit the jury to separate and disperse as in civil cases, before verdict, under instructions from him, that they shall not converse with any person about the case, or suffer such conversation in their presence, or read newspaper reports or comments in regard to it, and the like. 1 Bish. Cr. Pro., sec. 996; 3 Whart. Cr. L., secs. 3166, a 3101; Thompson and Mer. on Juries, sec. 317.

*We find nothing in the record to vitiate the verdict. There is no error in the record, and the judgment is affirmed.*